IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIM PROUTY | § § § | CIVIL ACTION NO. 5:11-CV-1122-XR |
| VS. | § § § | |
| AUTOMOTIVE PROMOTION CONSULTANTS, INC. D/B/A TEXAS AUTO LIQUIDATORS | § § § § | |

## ADVISORY REGARDING PLAINTIFF'S BANKRUPTCY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant, Automotive Promotion Consultants, Inc. d/b/a Texas Auto Liquidators ("TAL") files this Advisory Regarding Plaintiff's Bankruptcy Issues in compliance with the Court's August 8, 2012 Order, and would respectfully show the court:

### A. PLAINTIFF IS THE DEBTOR IN CASE NO. 12-70824, *IN RE PROUTY*, IN THE BANKRUPTCY COURT FOR THE CENTRAL DISTRICT OF TEXAS

1.  The evidence shows that Plaintiff, Tim Prouty ("Prouty") is also the debtor in Case No. 12-70824, *In Re Prouty*, in the Bankruptcy Court for the Central District of Illinois.

2.  In the transaction that forms the basis of this suit, Prouty filled out and provided Defendant, TAL with a customer information form (including his Social Security number), gave a copy of his driver's license, and provided other identifying information. A true and correct copy of the customer information form (except for partial redaction of Plaintiff's Social Security number) and a photocopy of his drivers license are attached hereto as Exhibits A and B, respectively, and incorporated by reference. Reference is also made to: 1) the Consumer Lease Agreement attached to Plaintiff's Original Complaint as Exhibit A [Docket No. 1-1] and 2) Debtor, Timothy D. Prouty's Voluntary Petition filed in the Bankruptcy Court, a true and correct copy of which is attached hereto as Exhibit C. Exhibits A, B, C, and the Consumer Lease Agreement show:

a.  Debtor's name is "Timothy D. Prouty;" Plaintiff's full name, according to the Consumer Lease Agreement [Docket No. 1-1, p. 2] is "Timothy David Prouty;"

b.  Plaintiff and Debtor have the same Social Security number. The last four digits of Debtor's Social Security number are 5962 [Exhibit C, p. 1]; the last four digits of Plaintiff's Social Security number are 5962 [Exhibit A]. Defendant has verified that the other six digits of Plaintiff's social security number are the same for both Plaintiff and Debtor;

c.  Plaintiff and Debtor have the same address. Debtor's address is 19450 East Tradewind Drive, Bloomington, Illinois 61705 [Exhibit C, p. 1]; the address on Plaintiff's driver's license that was provided to Texas Auto Liquidators is 19450 East Trade Wind Drive, Bloomington, Illinois 61705 [Exhibit B]; and

d.  In addition, Plaintiff gave a date of birth of November 19, 1984 and an address at 4727 Castle Rose, San Antonio, Texas 78218 (Consumer Lease Agreement [Docket No. 1-1] and Exhibit B, copy of drivers license provided to Defendant in connection with transaction).

3.  TAL is reasonably certain that both Plaintiff and Debtor are the same person.

### B. THE AUTOMATIC STAY

4.  Defendant, TAL filed its Suggestion of Bankruptcy based on 11 U.S.C. §362(a)(3) which provides that the filing of the Voluntary Petition "...operates as a stay, applicable to all entities, of--...(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate."

5.  As set forth below, upon filing the bankruptcy, the cause of action Prouty asserts in this lawsuit became property of the estate. Since the lawsuit should have been, but was not, disclosed in the Statement of Financial Affairs [Exhibit C], it appeared to TAL that Prouty's and/or his attorney's attempt to prosecute or settle the claim without notifying the bankruptcy trustee was an "act to obtain possession of property of the estate," in violation of 11 U.S.C. §362(a)(3).

### C. PLAINTIFF'S/DEBTOR'S CLAIMS AGAINST DEFENDANT ARE PROPERTY OF THE ESTATE

6.  Upon commencement of the bankruptcy case, all legal and equitable property of the Prouty became part of the bankruptcy estate. 11 U.S.C. §541(a)(1). A pre-petition cause of action is the property of the Chapter 7 bankruptcy estate and only the trustee in bankruptcy has standing to

pursue it. *Barger v. City of Cartersville*, 348 F.3d 1289, 1292 (11th Cir. 2003). Section 541 of the Bankruptcy Code provides that virtually all of a debtor's assets, both tangible and intangible, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. §541(a)(1). Such property includes causes of action belonging to the debtor at the commencement of the bankruptcy case. *Barger*, 348 F.3d at 1292. Thus, a trustee, as the representative of the bankruptcy estate, is the proper party in interest and is the only party with standing to prosecute causes of action belonging to the estate. 11 U.S.C. §323; *Barger*, 348 F.3d at 1292. Once an asset becomes part of the bankruptcy estate, all rights held by the debtor in the asset are extinguished unless the asset is abandoned back to the debtor pursuant to §554 of the Bankruptcy Code. *See* 11 U.S.C. §554(a)–(c). At the close of the bankruptcy case, property of the estate that is not abandoned under §554 and that is not administered in the bankruptcy proceedings remains the property of the estate. 11 U.S.C. §554(d). Failure to list an interest on a bankruptcy schedule leaves that interest in the bankruptcy estate. *Mobility Sys. & Equip. Co. v. United States*, 51 Fed.Cl. 233, 236 (Fed. Cl. 2001) (citing cases); see *Vreugdenhill v. Navistar Int'l Transp. Corp.*, 950 F.2d 524, 525–26 (8th Cir. 1991). *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. Ala. 2004).

### D. TRUSTEE RELEASED CLAIMS AGAINST DEFENDANT WITH APPROVAL OF BANKRUPTCY COURT

7. Upon learning that Prouty was a debtor in bankruptcy, TAL contacted bankruptcy trustee, A. Clay Cox on or about June 7, 2012, to notify him of this lawsuit and attempt to resolve the claims. On information and belief, Trustee Cox was unaware of the existence of this lawsuit. Following that conversation, Trustee Cox filed a Motion to Withdraw Report of No Distribution in the bankruptcy proceeding [Bankruptcy, Docket No. 9]. A true and correct copy of the Motion to Withdraw Report of No Distribution is attached hereto as Exhibit D and incorporated by reference. Notice of Exhibit D was provided to interested parties and the motion was granted [Bankruptcy, Docket No. 12].

8. Defendant, TAL and Trustee Cox reached an agreement to compromise and settle Prouty's claims against TAL in this lawsuit. On July 6, 2012, Trustee Cox filed a Motion to Compromise and Notice of Compromise in the bankruptcy [Bankruptcy, Docket Nos. 15 and 16, respectively]. True and correct copies of the Motion to Compromise, attached as Exhibit E, and Notice of Compromise, attached as Exhibit F, are incorporated by reference. The Notice of Compromise recites that it was served on Plaintiff/Debtor, Prouty, his counsel, and the creditors; the deadline to object to the compromise was July 29, 2012.

9. On August 1, 2012, the bankruptcy court issued its Order authorizing Trustee Cox to settle the bankruptcy estate's claims against Defendant [Bankruptcy, Docket No. 27]. A true and correct copy of the August 1, 2012 Order is attached hereto as Exhibit G and incorporated by reference. The Order recites that there were no timely objections to the Motion to Compromise.

10. TAL has paid the settlement funds to Trustee Cox and been released. A true and correct copy of the Settlement Agreement and Release of Claims is attached hereto as Exhibit H and incorporated by reference.

E. **ANSWER WILL BE FILED**

11. In compliance with the Court's August 8, 2012 Order, Defendant, Automotive Promotion Consultants, Inc. d/b/a Texas Auto Liquidators will file its Answer by August 20, 2012.

Respectfully submitted,

**GARDNER LAW**
745 East Mulberry Avenue, Suite 500
San Antonio, Texas 78212
(210) 733-8191 – Telephone
(210) 733-5538 – Facsimile
jkf@tglf.com – Email

JAY K. FARWELL
Texas Bar No. 00784038
ATTORNEY IN CHARGE FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that, on the 20th day of August, 2012, I electronically filed the foregoing document with the Clerk of the United States District Court, Western District of Texas, San Antonio Division, using the electronic case filing system of the court, and transmitted a copy of same to the following counsel of record:

Dennis R. Kurz
Weisberg & Meyers, LLC
Two Allen Center
1200 Smith Street, 16th Floor
Houston, Texas  77002

JAY K. FARWELL